UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMILCAR BARQUERO,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>BARACK OBAMA, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:15-cv-00562-CAB-BLM<br><br>**ORDER: (1) DENYING MOTION FOR RECONSIDERATION; AND (2) DENYING MOTION FOR APPOINTMENT OF COUNSEL ON APPEAL AS MOOT** |

**I.　　Procedural History**

Plaintiff, formerly housed at the MTC-Imperial Regional Detention Facility, located in Calexico, California filed this action pursuant to 42 U.S.C. § 1983 on March 11, 2015. (ECF No. 1.) Plaintiff's Complaint ("Compl") was over one hundred (100) pages and named more than eighty (80) defendants. (*Id.*) On May 4, 2015, this Court granted Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") but dismissed his Complaint pursuant to 28 U.S.C. § 1915(e)(2) & 1915A. (ECF No. 5.) Plaintiff was granted leave to file an amended complaint. (*Id.*) This Order was returned to the Court as "undeliverable." (ECF No. 6.) Plaintiff later filed a notice of change of address on June 5, 2015 and the Court resent the May 4, 2015 Order to Plaintiff. (ECF No. 7.) However, this mailing was also returned to the Court on July 21, 2015. (ECF No. 8.)

Accordingly, based on Plaintiff's failure to provide his current address and failure to comply with the Court's May 4, 2015 Order, this action was dismissed on October 23, 2015. (ECF No. 9.) Two months later, Plaintiff filed a notice of appeal to the Ninth Circuit Court of Appeals, along with filing a motion for appointment of counsel on appeal (ECF No. 16) and a motion for reconsideration (ECF No. 13.)

On March 7, 2016, the Ninth Circuit Court of Appeals certified that Plaintiff's appeal of the Court's October 23, 2015 Order was frivolous and dismissed the appeal. (ECF No. 21.) The Court of Appeals also found that because the appeal is frivolous, the underlying judgment in this matter "may be summarily affirmed even if appellant pays the fees." (*Id.* at 2.)

## II.     Plaintiff's Motion for Reconsideration

### A.     Standard of Review

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. However, a motion requesting reconsideration of a matter previously decided may be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b). *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). Under Rule 60, a motion for "relief from a final judgment, order or proceeding" may be filed within a "reasonable time," but usually must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed.R.Civ.P. 60(c)(1). Reconsideration under Rule 60 may be granted in the case of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud; or if (4) the judgment is void; (5) the judgment has been satisfied; or (6) other reason that justifies relief. Fed.R.Civ. P. 60(b).

///

///

### B. Plaintiff's Motion

Plaintiff claims that he received Court's October 23, 2015 Order dismissing this action in its entirety on November 12, 2015. (Pl.'s Mot. at 1.) Plaintiff claims that until he received this Order he was unaware that the Court had dismissed his Complaint for failing to state a claim, with leave to amend, on May 4, 2015. (*Id.* at 1-2.)

Plaintiff claims are not entirely clear but he appears to allege that Defendants expedited his deportation to Nicaragua to "deprive this Plaintiff of a day in court." (*Id.* at 3.) Plaintiff further claims that he does not have access to a law library in Nicaragua and he is unable to challenge his underlying criminal conviction.

A review of the Court's docket indicates that Plaintiff was mailed the Court's Orders at the address he provided the Court. In his Motion, Plaintiff does not challenge the Court's underlying dismissal nor does he address any of the deficiencies of pleading that the Court found in the initial May 4, 2015 Order. To the extent that he is challenging his deportation or his criminal conviction, neither are properly brought in a § 1983 action. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973).

Plaintiff has provided no rational basis for the Court to reconsider the October 23, 2015 Order. A motion for reconsideration cannot be granted merely because Plaintiff is unhappy with the judgment, frustrated by the Court's application of the facts to binding precedent or because he disagrees with the ultimate decision. *See* 11 Charles Alan Wright, et al. Fed. Prac. & Proc. Civ. § 2810.1 (3d ed.) ("[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."). Accordingly, Plaintiff's Motion for Reconsideration is DENIED.

### III. Conclusion and Order

Good cause appearing, the Court:

1. **DENIES** Plaintiff's Motion for Appointment of Counsel on appeal (ECF No. 16) as moot; and

2. **DENIES** Plaintiff's Motion for Reconsideration (ECF No. 13). The Court also **CERTIFIES** that an IFP appeal from this Order would not be taken "in good faith"

pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

The Clerk shall close the file.

Dated: April 20, 2016

Hon. Cathy Ann Bencivengo
United States District Judge